UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23924-CV-KING

MIGNONETTE MIAMI, LLC,

    Plaintiff,

v.

TOKIO MARINE SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court on Defendant's Motion to Dismiss the Amended Complaint, filed March 8, 2021 (DE 31) (the "Motion"). Plaintiff filed its response (DE 32). Defendant filed its reply (DE 33). The Court has also considered the pleadings of the parties, applicable caselaw, and exhibits attached to the pleadings by the parties.

### I.    Background

On August 25, 2020, Plaintiff filed its original complaint in state court. DE 1-2. On September 25, 2020, Defendant removed this matter to federal court. Not. of Removal, DE 1. On October 23, 2020, Plaintiff filed an Amended Complaint. DE 10.

On March 1, 2020, Florida Governor Ron DeSantis declared a Public Health State of Emergency as a result of COVID-19. *See* Am. Compl ¶ 29. The Governor later issued a series of executive orders that included closures of non-essential businesses, limitations on occupancy, and limitations on alcohol sales. *Id.* ¶¶ 32–61. Plaintiff operates a restaurant in Miami, Florida. *Id.* ¶ 1. Due to the COVID-19 pandemic and government restrictions, Plaintiff suspended business

1

operations, lost income, and incurred extra expenses. *Id.* ¶ 80. Defendant provided Plaintiff with a commercial insurance policy (the "Policy") effective June 18, 2019 through June 18, 2020. *Id.* ¶¶ 5–6.

On or about March 23, 2020, Plaintiff submitted notice of its losses and expenses to Defendant under the terms and conditions of the Policy. *Id.* ¶ 84. Defendant denied coverage. *Id.* ¶¶ 87–88. After the claim was denied, Defendant renewed the Policy (the "Renewed Policy"). The Renewed Policy (effective June 18, 2020 through June 18, 2021) included a new endorsement which provides that the Defendant "will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." *Id.* ¶¶ 90–92.

Plaintiff's Amended Complaint seeks Declaratory Judgment (Count I), Breach of Contract (Count II), and Fraud in the Inducement (Count III). Defendant moves the Court to dismiss all counts.

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court must accept the complaint's allegations

as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### III.     Discussion

A. <u>Declaratory Judgment and Breach of Contract</u>

Defendant states that the Policy requires "direct physical loss of or damage to" the covered property for the "Business Income" and "Extra Expense" coverages. Mot. at 2. Also, for the "Civil Authority" coverage, there must be "direct physical loss or damage" to properties near the covered property. *Id.* Defendant argues that "Property damage" as defined in the policy, does not apply to "direct physical loss of or damage to" "because that definition only applies where the 'words and phrases [] appear in quotation marks[.]'" *Id.* at 5 n.5 (citing Policy at 31, 45). Defendant's argument is that the Amended Complaint does not allege actual physical loss or damage to the covered property or a property within one mile from the covered property. *Id.* at 2.

Plaintiff has a different interpretation of the contract. Plaintiff admits that "direct physical loss of or damage to property" is not defined (Resp. at 9), however Plaintiff points out that "Property damage" is defined in another section to mean:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;
>
> or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

*Id.* at 5. Plaintiff therefore argues that the Policy equates physical loss with loss of use. *Id.* Plaintiff alleges to have incurred direct physical loss because they were "unable to utilize

3

something in the real, material, or bodily world, resulting from a given cause (i.e., COVID-19)." *Id.* at 6. Plaintiff also alleges that one of their employees (and potentially customers too) were exposed to COVID-19 at a nearby event, and therefore COVID-19 was believed to be present at Plaintiff's property. *Id.* at 6–7.

Regarding the interpretation of the definitions in the Policy, the Court agrees with Defendant. In the Policy, the definition of "Property damage" is not the definition of "direct physical loss of or damage to property." This is unambiguous. The Court's interpretation does not render any words in the contract meaningless because the term "Property damage" appears, in quotation marks, several times throughout the Policy. The phrase "direct physical loss of or damage to" is not defined in the Policy. So, to determine whether the Plaintiff's losses are a "direct physical loss of or damage to property," the Court turns to applicable caselaw.

In *Mama Jo's Inc. v. Sparta Ins. Co.*, 823 F.App'x 868 (11th Cir. 2020), a plaintiff restaurant experienced decreased customer traffic while there was roadwork nearby, which also caused dust and debris to enter the restaurant. The plaintiff filed a claim for cleaning costs and lost income. The all-risk insurance policy at issue required "direct physical loss of or damage to" covered property. *Id.* at 781. The Eleventh Circuit held that "an item or structure that merely needs to be cleaned has not suffered a 'loss' which is both 'direct' and 'physical.'" *Id.* at 879. The words "direct" and "physical" modify the word "loss" and "impose the requirement that the damage be actual." *Id.*

As evidenced by the plethora of exhibits provided by the parties, federal courts have both granted and denied motions to dismiss in COVID-19 insurance claims. However, those within Florida have frequently cited *Mama Jo's* for the proposition that "direct physical loss of or damage to property" requires actual, concrete damage, thereby denying claims akin to Plaintiff's breach of

4

contract claim. *E.g., Rococo Steak, LLC v. Aspen Specialty Ind. Co.*, No. 20-cv-2481, 2021 WL 268478 (S.D. Fla. Jan. 27, 2021); *Town Kitchen LLC v. Certain Underwriters at Lloyd's, London*, 2021 WL 768273, at *4–6 (S.D. Fla. Feb 26, 2021); *Emerald Coast Restaurants, Inc. v. Aspen Specialty Ins. Co.,* No. 20-cv-5898, 2020 WL 7889061, at *2 (N.D. Fla. Dec. 18, 2020). Moreover, courts have "almost uniformly" held that economic losses stemming from COVID-19 are not covered under 'all-risk' policy language. *Emerald Coast*, 2020 WL 7889061, at *1.

Plaintiff does not allege any actual, concrete damage to the property. The potential existence of COVID-19 at the restaurant does not suffice. *See Cafe Int'l Holding Co. LLC v. Westchester Surplus Lines Ins. Co.*, NO. 20-21641-CIV, 2021 WL 1803805, at *1 (S.D. Fla. May 4, 2021) ("The simple fact that the coronavirus *may* have been somehow 'present' at Plaintiff's restaurant does not give rise to the direct physical loss or damage necessary to generate coverage."). It follows that Plaintiff's Amended Complaint fails to state a claim under the Policy. Therefore, Counts One and Two are DISMISSED.

B. <u>Fraud in the Inducement</u>

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To survive a motion to dismiss, a claim for fraud in the inducement must plead (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation. *See Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F.Supp.2d 1334, 1342 (Fla. S.D. Nov. 27, 2021).

Plaintiff claims fraud in the inducement. The relevant virus exclusion endorsement, CP 01 40 07 06 (DE 32-1), has existed since 2006. Am. Compl. ¶ 122. Plaintiff's original all-risk Policy

5

with Defendant did not include CP 01 40 07 06, or any other virus exclusion. *Id.* ¶ 121. Based on the Policy language and representations by Defendant, and lack of any virus exclusion in the Policy, Plaintiff expected to be indemnified for their COVID-19 loss and this "formed the basis of premiums charged for the Policy." *Id.* ¶¶ 124–25. Subsequent to denying Plaintiff's claim for COVID-19 losses, Defendant renewed the Policy and included the virus exclusion endorsement, CP 01 40 07 06. *Id.* ¶¶ 131–34. Plaintiff submits in its Response that Defendant inserted this exclusion unilaterally. *See* Resp. at 8.

Defendant has two arguments as to why the fraud claim fails. Defendant argues that the fraud claim fails as a matter of law for failure to plead with particularity that Defendant made a false statement. Mot. at 17. Additionally, Defendant argues that the Plaintiff's claim for fraud is not separate and apart from the breach of contract claim. *Id.*

After careful consideration, the Court finds that Plaintiff does not allege, in either its Amended Complaint or its Response, a false statement of material fact made by Defendant. Plaintiff fails to sufficiently plead fraud in the inducement. As such, Count Three is DISMISSED.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** as follows:

1. Defendant's Motion to Dismiss **(DE 31)** be, and the same is, hereby **GRANTED**,
2. Plaintiff's Amended Complaint **(DE 10)** be, and the same is, hereby **DISMISSED WITH PREJUDICE**,
3. All pending motions are **DENIED AS MOOT**, and
4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 29th day of June, 2021.

                                                           JAMES LAWRENCE KING
                                                           UNITED STATES DISTRICT JUDGE

**cc:**     **All Counsel of Record**